# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |
| ) | Case No. 15 C 1466 |
| v. ) | |
| ) | |
| ARTURO VALDEZ, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On February 12, 2015, pro se Petitioner Arturo Valdez filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Petitioner's § 2255 motion and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## BACKGROUND

On March 6, 2012, a grand jury returned an indictment charging Petitioner with one count of possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1). On December 13, 2012, Petitioner pleaded guilty pursuant to a written plea declaration, and, on April 3, 2013, the Court sentenced Petitioner to a term of 140 months in prison. The Court entered judgment on April 5, 2013.

On April 16, 2013, Petitioner filed a timely notice of appeal. On appeal, Petitioner argued that the Court erred in sentencing him, specifically, that the Court's drug quantity determination violated his Fifth and Sixth Amendment rights. On January 14, 2014, the Seventh Circuit held that the Court did not err by calculating the drug quantity–solely for purposes of

determining Petitioner's guideline range–without requiring proof beyond a reasonable doubt or a jury finding or admission. *See United States v. Valdez*, 739 F.3d 1052, 1054 (7th Cir. 2014). On April 2, 2014, Petitioner filed a petition for a writ of certiorari with the United States Supreme Court that the Supreme Court denied on May 19, 2014. On February 12, 2015, Petitioner filed the present pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Construing his pro se § 2255 motion liberally, *see Ambrose v. Roeckeman,* 749 F.3d 615, 618 (7th Cir. 2014), Petitioner brings ineffective assistance of trial counsel claims.

## LEGAL STANDARD

"Relief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013). In other words, under § 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States,* 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). Accordingly, a § 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (relief under 2255 "will not be allowed to do service for an appeal"). Nevertheless, because claims of ineffective assistance of counsel often involve evidence outside of the trial record, such claims may be brought for the first time in a § 2255 motion. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *United States v. Flores,* 739 F.3d 337,

341 (7th Cir. 2014).

**ANALYSIS**

In his § 2255 motion, Petitioner first brings an ineffective assistance of trial counsel claim based on counsel's allegedly erroneous advice that his sentence would not be based on more than 700 grams of heroin. To establish constitutionally ineffective assistance of trial counsel, Petitioner must show that (1) his trial attorney's performance "fell below an objective standard of reasonableness," informed by "prevailing professional norms" and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, [the Court's] review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014) (citation omitted). To establish prejudice in the context of a guilty plea, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *see also Lafler v. Cooper,* ___ U.S. ___, 132 S.Ct. 1376, 1384, 182 L.Ed.2d 398 (2012) ("a defendant must show the outcome of the plea process would have been different with competent advice"). If Petitioner fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See id.* at 697 ("a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant").

Here, Petitioner's claim that counsel advised him that his sentence would not be based on more than 700 grams of heroin is belied by Petitioner's plea declaration and the December 13, 2012, change of plea hearing, in which both he and counsel unequivocally agreed that his sentencing base level was 30 for having delivered *at least* 700 grams, but less than one kilogram of heroin. (R. 53, Plea Hr'g Tr. at 3; 35 Plea Decl., at 4.) That being said, assuming that counsel provided erroneous advice, it is well-established that a district court's explanation of the sentencing process to a defendant during the defendant's plea colloquy removes any possible prejudice from counsel's advise on sentencing consequences. *See Thompson v. United States,* 732 F.3d 826, 830-31 (7th Cir. 2013) (per curiam) (citing *Wyatt v. United States,* 574 F.3d 455, 458-59 (7th Cir. 2009); *Bethel v. United States,* 458 F.3d 711, 718-20 (7th Cir. 2006)).

Turning to Petitioner's change of plea hearing, it is undisputed that Petitioner–under oath–accepted that the statutory maximum term of imprisonment was up to forty years in prison and that the mandatory minimum sentence was five years. (Plea Hr'g Tr., at 15.) Also, Petitioner agreed that his counsel's proposed guideline range was 78 to 97 months imprisonment and that the government's was 210 to 262 months imprisonment. (*Id*. at 17-18.) The Court specifically informed Petitioner that:

> Q: Your lawyer and the government disagree on what the Guideline calculation is here. Your lawyer anticipates that you will have an Offense Level of 27, a Criminal History Category of II, and a Guideline range of 78 to 97 months in prison, while it is anticipated by the government that you will have an Offense Level of 36, a Criminal History Category of II and a Guideline range of 210 to 262 months in prison. Do you understand that?
>
> A: Yes I do. I do understand.

(*Id*. at 17-18.)

4

The Court then explained to Petitioner: "And it may be that both of those calculations are inaccurate and there is another calculation or a different calculation that is appropriate. Do you understand that?" (*Id*. at 18) Petitioner responded: "Yes, I do understand." (*Id*.)

Moreover, at numerous times during the change of plea hearing and in his plea declaration, Petitioner or his counsel clearly challenged the government's drug quantity calculation. (*Id*. at 1-2; Plea Decl., at 4, 6.) Petitioner further acknowledged that the sentencing guidelines are advisory and not mandatory, that the Court could sentence him above the advisory guideline range, and that it was up to the Court to impose the appropriate sentence. (*Id*. at 17-19.)

Under these circumstances–where Petitioner acknowledged the maximum sentences, the proposed sentencing guidelines ranges, and that his actual sentence might be higher because the Court controlled sentencing–Petitioner cannot establish prejudice based on defense counsel's allegedly erroneous advice. *See Thompson,* 732 F.3d at 830 ("the district court's explanation of the sentencing process at [petitioner's] plea colloquy removed any possible prejudice of [counsel's] advise"); *see, e.g., Wyatt,* 574 F.3d at 458-59. Accordingly, Petitioner's first ineffective assistance of counsel claim fails.

Next, Petitioner argues that his first retained attorneys in this matter, who withdrew as counsel prior to his guilty plea, had a conflict of interest amounting to ineffective assistance of counsel. *See United States v. Smith,* 771 F.3d 1045, 1047 (7th Cir. 2014) (per curiam) ("The Sixth Amendment right to counsel includes the right to conflict-free counsel."). Specifically, the "Sixth Amendment right to effective assistance of counsel encompasses 'a correlative right to representation that is free from conflicts of interest.'" *Blake v. United States,* 723 F.3d 870, 880

5

(7th Cir. 2013) (citations omitted); *see also Strickland,* 466 U.S. at 688 ("counsel owes the client a duty of loyalty, a duty to avoid conflicts of interest"). There are two ways to determine constitutionally ineffective assistance of counsel based on a conflict of interest. *See Blake,* 723 F.3d at 880; *Freeman v. Chandler*, 645 F.3d 863, 868-69 (7th Cir. 2011). The first way requires a petitioner to establish an actual conflict of interest and the second way requires both a showing of a potential conflict of interest and prejudice. *See Blake*, 723 F.3d at 880; *Hall v. United States*, 371 F.3d 969, 973 (7th Cir. 2004). "[A]n actual conflict exists if the defense counsel was faced with a choice between advancing his own interests above those of his client." *Hall*, 371 F.3d at 973. Put differently, "[a]n *actual* conflict exists when an attorney actively represents incompatible interests; it is more than a 'mere theoretical division of loyalties.'" *United States v. Fuller,* 312 F.3d 287, 291 (7th Cir. 2002) (emphasis in original) (citation omitted).

To give Petitioner's conflict of interest claim context, the Court turns to the procedural background in this matter. On February 21, 2012, Joseph Lopez entered an appearance on behalf of Petitioner after which the Magistrate Judge held a detention hearing and a status hearing on his preliminary examination. After the grand jury handed down the indictment, this Court arraigned Petitioner on March 12, 2012, at which time Mr. Lopez represented Petitioner. On April 17, 2012, Lisa Lopez entered an appearance on behalf of Petitioner. On May 11, 2012, Petitioner moved to substitute Andrea Gambino as his defense counsel and the Court granted his motion on May 16, 2012. At that time, the Court also granted Joseph and Lisa Lopez's motion for leave to withdraw as counsel. In addition, Lisa Lopez, Andrea Gambino, and Petitioner signed and dated a May 14, 2012, Agreement to Substitute Counsel that was entered on the docket on May 16, 2012. Approximately seven months later, Petitioner pleaded guilty pursuant

6

to a written plea declaration on December 13, 2012.

In this context, Petitioner explains in his legal memorandum that Joseph and Lisa Lopez had "conflicting interests" because they had previously represented a confidential informant who the government utilized in this case. Petitioner further maintains that "[i]t appears that these attorneys, after taking money from [him] for their services and remaining on the case for several days, decided that because it was obvious that a conflict existed and that [his] rights would be violated, they should get off [his] case. (R. 3, § 2255 Mem., at 12.) In addition, Petitioner surmises that he, Joseph Lopez, and Lisa Lopez discussed his case at length prior to their withdrawal and that he "believes that some of the attorney client information discussed during these various discussions...was provided to the prosecution." (*Id.*)

Petitioner's unsupported assertions do not sufficiently support his conflict of interest claim. *See Lafuente v. United States,* 617 F.3d 944, 946-47 (7th Cir. 2010). To clarify, Petitioner's memorandum in support of his § 2255 motion is not signed under penalty of perjury nor does Petitioner provide other evidence supporting these allegations. *See Weddington v. Zatecky,* 721 F.3d 456, 464-65 (7th Cir. 2013); *Kafo v. United States,* 467 F.3d 1063, 1068-69 (7th Cir. 2006). Although Petitioner signed his § 2255 motion under penalty of perjury, he makes no averments in his motion regarding Joseph and Lisa Lopez, their alleged representation of a confidential informant, or that counsel provided the prosecution with "attorney client information." Therefore, Petitioner has failed to establish anything more than a "mere theoretical division of loyalties"–not an actual conflict of interest. *See Fuller,* 312 F.3d at 291. In addition, Petitioner's unsubstantiated claims do not establish a potential conflict of interest and Petitioner fails to sufficiently argue that counsel's performance prejudiced him under the

7

*Strickland* standard. *See Blake*, 723 F.3d at 883.

Assuming Plaintiff supported his claims with documents of evidentiary quality, the fact that Lisa and Joseph Lopez realized that a conflict existed, and thereafter, moved to withdraw as counsel of record cannot form the basis of Plaintiff's conflict of interest claim because counsel acted appropriately under the circumstances. In other words, according to Plaintiff, as soon as counsel realized they had a potential or actual conflict of interest, they withdrew at the very beginning stages of this case. *See Cuyler v. Sullivan,* 446 U.S. 335, 346, 100 S.Ct. 1708, 64 Led.2d 333 (1980) ("Defense counsel have an ethical obligation to avoid conflicting representations and to advise the court promptly when a conflict of interest arises"). In addition, Plaintiff's bare-boned allegation that he *believed* that Lisa and Joseph Lopez turned over "attorney client information" to the government is vague, speculative, and not supported by the record. *See Wheat v. United States*, 486 U.S. 153, 166, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988) ("Unsupported or dubious speculation as to a conflict will not suffice."). The Court therefore denies Petitioner's conflict of interest claim.[1]

## III.     Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Therefore, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in the present Memorandum, Opinion, and Order. *See Gonzalez v. Thaler,* ___ U.S. ___, 132 S.Ct. 641, 649

---

[1] Because the motion, files, and records of this case conclusively show that Petitioner is not entitled to any relief under § 2255, the Court need not hold an evidentiary hearing. *See Koons v. United States,* 639 F.3d 348, 354-55 (7th Cir. 2011); 28 U.S.C. § 2255(b).

n.5, 181 L.Ed.2d 619 (2012).

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See id.* at 336; *White v. United States,* 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

Petitioner has not established that jurists of reason would debate that the Court should have resolved his ineffective assistance of counsel claims in a different manner, especially in light of the strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *See Johnson v. Thurmer,* 624 F.3d 786, 792 (7th Cir. 2010) ("It is well established that [the court's] scrutiny of counsel's trial strategy is to be deferential and that we do not second guess the reasonable tactical decisions of counsel in assessing whether his performance was deficient."). Furthermore, jurists of reason would not debate the Court's conclusion that Petitioner failed to establish an actual or potential conflict of interest under the circumstances. As such, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The Court denies Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** April 17, 2015

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**